NOT DESIGNATED FOR PUBLICATION

No. 113,670

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GUS HANKINS, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN KISNER, JR., judge. Opinion filed May 13, 2016. Sentence vacated and remanded.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*:  In this appeal the defendant challenges his sentence on the grounds that the sentencing court miscalculated his criminal history score which resulted in the court imposing an illegal sentence. We agree and vacate the defendant's sentence and remand for a new sentencing hearing.

On June 25, 2010, Gus Hankins, Jr., pled guilty to aggravated burglary and no contest to attempted burglary, six counts of burglary, and six counts of theft. The presentence investigation (PSI) report disclosed that Hankins' criminal history included

1

eight person felony convictions or juvenile adjudications: four pre-Kansas Sentencing Guidelines Act (KSGA) juvenile burglary adjudications, three pre-KSGA burglary convictions, and one aggravated burglary conviction. Based on these convictions and adjudications, the PSI report showed Hankins' criminal history score was A.

At the August 13, 2010, sentencing hearing Hankins did not object to his criminal history score. The district court sentenced him to a controlling prison term of 122 months, with 24 months' postrelease supervision, but granted probation for 36 months. Hankins did not appeal his sentence.

In October 2012, the district court revoked Hankins' probation and imposed his underlying prison sentence. On appeal this court affirmed. *State v. Hankins*, No. 111,890, 2015 WL 4486957 (Kan. App. 2015) (unpublished opinion), *rev. denied* August 7, 2015.

In May and October 2014, Hankins made separate motions to correct his claimed illegal sentence based initially on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), and then on *State v. Williams*, 291 Kan. 554, 244 P.3d 667 (2010).

In November 2014 Hankins filed a third motion to correct an illegal sentence. He argued his three pre-KSGA burglary convictions and four pre-KSGA juvenile burglary adjudications should have been classified as nonperson offenses based on *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). He claimed his sentence was illegal because the misclassification of his burglary convictions and adjudications resulted in an incorrect criminal history score.

On December 8, 2014, the district court held a hearing on the motions. The court summarily denied relief based upon the conclusion that *Murdock* applied to out-of-state

2

offenses only and did not apply retroactively. The district court also found Hankins' motion based on *Dickey* was procedurally barred because he did not object to his criminal history score at sentencing and did not otherwise challenge his criminal history score in a direct appeal.

Hankins' appeal brings the matter before us. He has abandoned on appeal his first two motions based on *Murdock* and *Williams* and now relies on *Dickey* which he raised in his third motion.

Under K.S.A. 22-3504(1), a "court may correct an illegal sentence at any time." Whether a sentence is illegal is a question of law over which we have unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

A sentence is considered illegal if (1) it was imposed by a court without jurisdiction, (2) it does not conform to the applicable statutory provision, either in character or term of punishment authorized, or (3) it is ambiguous with regard to the time and manner in which it is to be served. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011).

The State argues that Hankins cannot use a motion to correct an illegal sentence to challenge the constitutionality of his sentence. But in *State v. Martin*, No. 113,189, 2016 WL 852130, at *7, this court concluded that "when a constitutional challenge results in the determination that the defendant's criminal history score is incorrect, the resulting sentence does not conform to the statutory provision in the term of the punishment authorized and, consequently, is an illegal sentence." We hold with *Martin* that Hankins' motion to correct an illegal sentence is the proper vehicle to contest his sentence.

Turning to Hankins' argument based on *Dickey*, the PSI report of the defendant in *Dickey* showed a 1992 juvenile adjudication for burglary and scored it as a person felony.

3

At sentencing, Dickey did not object to his criminal history score or the classification of his prior burglary adjudication. The district court sentenced him to prison.

On appeal, Dickey challenged the classification of his prior burglary juvenile adjudication as a person offense, arguing it violated his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 438 (2013). In *Apprendi* the court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

Then, in *Descamps*, the Court determined that *Apprendi* is implicated when a district court enhances a defendant's sentence based on a finding that goes beyond the existence of a prior conviction or the statutory elements that comprised the prior conviction. *Descamps*, 133 S. Ct. at 2288-89.

First, the court in *Dickey* dispelled the notion that a defendant is barred from challenging the classification of a crime by stipulating to the criminal history score in the PSI report at sentencing. Then, applying *Apprendi* and *Descamps*, the court found that the burglary statute in effect when Dickey committed his prior burglary did not require evidence that the burgled structure was a dwelling. Thus, classifying this prior juvenile burglary adjudication as a person felony violated Dickey's rights described in *Descamps* and *Apprendi* because determining whether the burglary involved a dwelling "would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." *Dickey*, 301 Kan. at 1021.

Here, as in *Dickey*, the controlling statute at the time of Hankins' pre-KSGA burglary convictions and juvenile adjudications did not require proof that the burglarized

4

structure was a dwelling. Burglary was defined at the time as "knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein." K.S.A. 21-3715 (Ensley 1981). But at the time of Hankins' sentencing in our present case, in order for the crime to be a person felony the burglary had to be of a dwelling. Thus, to classify Hankins' prior burglary convictions and juvenile adjudications as person offenses, the district court had to make the factual finding that the burglarized structure was a dwelling. Such a determination required the court to go beyond merely finding the existence of a prior burglary conviction or the statutory elements constituting burglary. Accordingly, the classification of Hankins' burglary convictions and juvenile adjudications as person offenses violates his constitutional rights as described in *Apprendi* and *Descamps*.

But the State contends that Hankins' claim is procedurally barred by the doctrine of res judicata. The applicability of res judicata is a question of law over which we have unlimited review. *State v. Kelly*, 291 Kan. 868, 874, 248 P.3d 1282 (2011).

Generally, when a criminal defendant appeals from his conviction or sentence, the doctrine of res judicata prevents the relitigation of issues that were raised or could have been raised on appeal. *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). Hankins did not file a direct appeal of his sentence. Thus, relying on *State v. Johnson*, 269 Kan. 594, 601, 7 P.3d 294 (2000), the State contends that Hankins could have contested his sentence in a direct appeal but did not, and so his current effort to do so is now barred.

In *Johnson*, the defendant was not allowed to use a motion to correct an illegal sentence to obtain relief on a claim that the State breached a plea agreement because the

breach of a plea agreement does not render the defendant's sentence illegal. But here, the miscalculation of Hankins' criminal history score led to an illegal sentence. See *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015) (a claim of misclassification of prior convictions as person offenses raises a claim that the current sentence is illegal because it does not comply with the statutory provision authorizing the term of punishment). Thus, res judicata does not apply.

Finally, the State argues that *Dickey* should not be applied retroactively on collateral review of Hankins' sentence. But in *Martin*, 2016 WL 852130, at *1, Syl. ¶ 7, the court held that Kansas courts have jurisdiction to correct an illegal sentence at any time. Once again, we adhere to the holding in *Martin* and conclude that the State's argument against a retroactive application of *Dickey* does not hold sway. Besides, *Dickey* was decided based on the constitutional principles announced in *Apprendi* and later applied in *Descamps*. Hankins' rights under *Apprendi* were in place at the time of his sentencing in the present case. See *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001) ("[T]he new constitutional sentencing rule established by *Apprendi*" applied in all cases arising after June 26, 2000.). Thus, the no-retroactivity argument again does not hold sway.

We conclude that the district court erred in classifying Hankins' pre-KSGA burglary convictions and juvenile adjudications as person offenses. Hankins' resulting sentence is therefore illegal, and we must vacate it and remand the case for resentencing in conformity with the principles announced in *Apprendi*, *Descamps*, and *Dickey*. Hankins' remaining claim that he was denied his statutory right to be present at the hearing on his motions is now moot.

Sentence vacated and remanded for resentencing.