NOT DESIGNATED FOR PUBLICATION

No. 113,427

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MONTEZ L. BLAKE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed May 13, 2016. Sentence vacated and remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., GREEN and LEBEN, JJ.

*Per Curiam*: Montez L. Blake appeals from the judgment of the trial court summarily denying his motion to correct illegal sentence. On appeal, Blake argues that his sentence is illegal because the trial court classified his 1991 Kansas burglary conviction as a person felony for criminal history purposes in violation of our Supreme Court's holding in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). The State does not dispute that Blake's sentence is unconstitutional under *Dickey*. Nevertheless, the State asserts that Blake is not entitled to relief under *Dickey*: (1) because Blake is barred as a matter of res judicata from raising his challenge given that he could have made such

1

challenge in a direct appeal; and (2) because Blake is barred from having *Dickey* applied retroactively. We disagree.

In *State v. Martin*, 52 Kan. App. 2d __, Syl. ¶¶4-8, 2016 WL 852130, No. 113,189, filed March 4, 2016, this court rejected both of the State's claims that a defendant was procedurally barred by the doctrine of res judicata and by retroactivity from obtaining relief under the holding in *Dickey*. Accordingly, we adopt the *Martin* holding. As a result, we vacate Blake's sentence and remand to the trial court for resentencing with directions to apply the correct criminal history score.

On February 25, 2013, Blake pled guilty to two counts of theft, both severity level 9 nonperson felonies. See K.S.A. 2015 Supp. 21-5801(a)(4). The trial court ordered a presentencing investigation report which revealed that Blake had a criminal history score of A because he had three prior person felonies. One of those person felonies was a 1991 Kansas burglary conviction. On April 11, 2013, the trial court sentenced Blake to a total of 16 months' imprisonment followed by 12 months' postrelease supervision. Blake did not object to his criminal history score.

On October 23, 2014, Blake moved to correct illegal sentence. In this motion, Blake argued that under this court's decision in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015), the trial court miscalculated his criminal history score. Blake pointed out that his pre-Kansas Sentencing Guidelines Act (KSGA) 1991 Kansas burglary conviction was classified as a person felony for criminal history purposes. Blake argued that the trial court erred by making this classification because, as in *Dickey*, the trial court could not have determined that his 1991 burglary conviction involved the burglary of a dwelling without engaging in judicial factfinding. As a result, Blake asserted that he should be resentenced because his criminal history score was actually B. Blake additionally argued that his sentence was illegal under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme*

*Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015).

The State responded that Blake's sentence was not illegal under *Murdock* or *Dickey*. Regarding *Dickey*, the State asserted that Blake's motion was procedurally barred by res judicata. The State additionally argued that this court's *Dickey* decision did not apply retroactively.

Agreeing with the State, the trial court summarily denied Blake's motion because of the following: (1) that "the *Dickey* decision conflicts with other Court of Appeals decisions"; (2) that "the *Dickey* decision is pending before the Kansas Supreme Court on petition for review and is not a final decision"; (3) that the *Dickey* decision did not apply retroactively; (4) that the *Murdock* decision applied only to pre-1993 out-of-state offenses; and (5) that Blake was barred from attacking his criminal history score because he should have challenged his score in a direct appeal.

*Did the Trial Court Err When It Denied Blake's Motion to Correct Illegal Sentence?*

When a trial court summarily denies a motion to correct illegal sentence, an appellate court reviews the motions, records, and files of the case de novo. *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013). Summary denial is appropriate only when the record definitively proves that a defendant is not entitled to relief. 298 Kan. at 577. Whether a sentence is illegal under K.S.A. 22-3504(1) is a question of law over which an appellate court has unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

Under K.S.A. 22-3504(1), a "court may correct an illegal sentence at any time." "An illegal sentence is a sentence that (1) is imposed by a court without jurisdiction; (2) does not conform to the statutory provision, either in character or the term of the

3

punishment authorized; or (3) is ambiguous with regard to the time and manner in which it is to be served." *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012).

On appeal, Blake abandons his argument that his sentence is illegal under *Murdock*, a case that our Supreme Court overruled in *Keel*, 302 Kan. 560, Syl. ¶ 9. As a result, Blake's only argument on appeal concerns whether his sentence is illegal under our Supreme Court's decision in *Dickey*. In his brief, Blake first argues that the trial court erred by summarily denying his motion because his criminal history score contention necessarily constitutes a challenge to the legality of the sentence that his criminal history score helped produce. Blake believes his criminal history challenge fits within the confines of an illegal sentence under K.S.A. 22-3504(1) that may be corrected at any time. Next, Blake argues that his "1991 burglary conviction should have been classified as a nonperson felony" given our Supreme Court's decision in *Dickey*. Accordingly, Blake asks this court to vacate his sentence and remand for resentencing because his sentence is illegal under our Supreme Court's holding in *Dickey*.

The State does not contest that Blake's sentence is unconstitutional under our Supreme Court's holding in *Dickey*. Instead, the State counters that Blake may not challenge his sentence for the following reasons: (1) because he is barred as a matter of res judicata; and (2) because he is not entitled to the retroactive application of our Supreme Court's holding in *Dickey*. Of note, the State also points out that the issue of retroactive application of our Supreme Court's holding in *Dickey* is currently pending before our Supreme Court. See *State v. Dickey*, No. 110,325, 2014 WL 4081937 (Kan. App. 2014) (unpublished opinion), *rev. granted* October 7, 2015.

*Blake's Sentence is Unconstitutional Under Our Supreme Court's Holding in* Dickey

In his brief, Blake argues that our Supreme Court's "*Dickey* is dispositive of this appeal." That is, Blake asserts that the *Dickey* decision proves that his sentence is illegal

4

because the trial court engaged in judicial factfinding while calculating his criminal history score. A review of the relevant statutes and our Supreme Court's *Dickey* decision reveals that Blake's sentence violates his constitutional rights. See *Dickey*, 301 Kan. 1018, Syl. ¶¶7-8.

In determining a defendant's criminal history score, the trial court must classify a prior adult burglary conviction as a person felony if the prior conviction is classified as a burglary as defined in K.S.A. 2015 Supp. 21-5807(a)(1). See *Keel*, 302 Kan. 560, Syl. ¶¶ 8-9. K.S.A. 2015 Supp. 21-5807(a)(1), which is the same as the burglary statute in effect when Blake committed the thefts in this case, states that a burglary is "without authority, entering into or remaining within any: (1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein." A dwelling is "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2015 Supp. 21-5111(k). Yet, when Blake was convicted of burglary in 1991, burglary was defined as

> "knowingly and without authority entering into or remaining within any: (1) Building, manufactured home, mobile home, tent or other structure, with intent to commit a felony or theft therein; or (2) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein." K.S.A. 1990 Supp. 21-3715.

Thus, the burglary statute in effect when Blake was convicted of burglary did not contain a dwelling element.

Our Supreme Court's *Dickey* decision grounded its holding on the United States Supreme Court cases *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. If a trial court engages in such factfinding, that trial court has violated the defendant's Sixth and Fourteenth Amendment rights under the United States Constitution. *Apprendi*, 530 U.S. at 476-77. In *Descamps*, the United States Supreme Court held that a trial court implicates the *Apprendi* holding when the trial court enhances a defendant's sentence of current conviction based on factfinding regarding the defendant's prior conviction that goes beyond simply recognizing the existence of the prior conviction. 133 S. Ct. at 2288-89.

In *Dickey*, Dickey argued that the trial court erred when it classified his 1992 Kansas burglary adjudication as a person felony for criminal history purposes because the burglary statute he was adjudicated under did not contain a dwelling element while the burglary statute in effect under his current crime of conviction contained a dwelling element. Dickey argued that the trial court engaged in factfinding in violation of *Apprendi* and *Descamps* when it compared the two statutes to determine if his prior burglary adjudication constituted a person felony. Our Supreme Court agreed, vacated Dickey's sentence, and remanded for resentencing, holding that the trial court violated the *Apprendi* and the *Descamps* decisions because the statute Dickey was adjudicated under did not contain the dwelling element. *Dickey*. 301 Kan. at 1039. Our Supreme Court explained that when the trial court determined that Dickey's prior burglary involved a dwelling determination, the trial court necessarily "ma[de] or adopt[ed] a factual finding (*i.e.,* the prior burglary involved a dwelling) that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication." 301 Kan. 1018, Syl. ¶ 8. Hence, for criminal history purposes, the *Dickey* court held that the trial court should have classified Dickey's prior burglary adjudication as a nonperson felony. 301 Kan. 1018, Syl. ¶8.

Returning to Blake's case, we note that the applicable statutes in Blake's case and in Dickey's case are substantively identical. Consequently, as in *Dickey*, the trial court's

6

decision to classify Blake's 1991 burglary conviction as a person felony involved judicial factfinding that went beyond simply recognizing the existence of his 1991 burglary conviction or the elements of the burglary statute. As a result, we determine that Blake's constitutional rights were violated.

*Blake May Move to Correct His Sentence at Any Time under K.S.A. 22-3504(1)*

Even though Blake's sentence is unconstitutional under our Supreme Court's holding in *Dickey*, the State argues that Blake is not entitled to relief. The State asserts that this court should affirm the trial court's summary denial of Blake's motion to correct illegal sentence: (1) because his challenge is barred as a matter of res judicata; and (2) because his challenge is barred because *Dickey* does not apply retroactively.

Regarding the res judicata argument, whether a claim is barred by res judicata is a question of law over which this court has unlimited review. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013). Our Supreme Court has explained that "res judicata consists of four elements: '"[1] same claim; [2] same parties; [3] claims were or could have been raised; and [4] a final judgment on the merits."'" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014) (quoting *State v. Martin,* 294 Kan. 638, 641, 279 P.3d 704 [2012]). Fundamentally, res judicata requires that "issues 'once finally determined . . . cannot afterwards be litigated.'" *Kingsley*, 299 Kan. at 901 (quoting *Jayhawk Equipment Co. v. Mentzer*, 191 Kan. 57, 61, 379 P.2d 342 [1963]).

In its brief, the State relies on *State v. Johnson*, 269 Kan. 594, Syl. ¶ 3, 7 P.3d 294 (2000), where our Supreme Court held that "K.S.A. 22-3504(1) is a statute of limited applicability and may not be used as a vehicle to breathe new life into appellate issues previously abandoned or adversely determined." To be fair, in *Johnson* our Supreme Court rejected Johnson's argument that his sentence was illegal based upon his assertion that the State made inconsistent statements in his plea bargain. 269 Kan. at 601. Thus,

when the *Johnson* court held that a defendant could not use a motion to correct illegal sentence as a vehicle to breathe new life into appellate issues previously abandoned or adversely determined," it was referring specifically to issues that did not fit within the definition of an illegal sentence under K.S.A. 22-3504(1). 269 Kan. at 601.

Nevertheless, our Supreme Court has held that a defendant's criminal history score contention constitutes a challenge to the legality of a defendant's sentence under K.S.A. 22-3504(1). For example, in *State v. Neal*, 292 Kan. 625, 258 P.3d 365 (2011), Neal moved to correct an illegal sentence, challenging the calculation of his criminal history score, nearly 7 years after he had been convicted. Both the trial court and this court found that Neal was procedurally barred from challenging his criminal history score because he had had the opportunity to raise this challenge in his direct appeal. Our Supreme Court rejected this argument, holding: (1) that "K.S.A. 22-3504 [was] the proper vehicle for [Neal's] claim" because "Neal's challenge to his criminal history score [was] necessarily a challenge to his sentence that the history score helped produce"; (2) that "the motion to correct illegal sentence is not subject to our general rule that a defendant must raise all available issues on direct appeal"; and (3) that because "Neal's argument fits within the parameters of an illegal sentence . . . his motion to correct an illegal sentence was timely filed." 292 Kan. at 631. As a result, if defendants' claims fit within the definition of an illegal sentence under K.S.A. 22-3504(1), then those defendants may raise their claims at any time regardless of their ability to raise such arguments in a prior appeal.

Thus, the *Neal* court's holding supports the position that res judicata will not bar defendants from challenging their criminal history score in a motion to correct illegal sentence. Moreover, it is worth noting that in *Angelo v. State*, No. 109,660, 2014 WL 1096834, at *4 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301, Kan. __ (January 8, 2015), another panel of this court came to the same conclusion, holding: "If [a] sentence is illegal, res judicata does not apply and we have jurisdiction over the issue." As a result, because Blake's criminal history score challenge fits within the

8

parameters of an illegal sentence under K.S.A. 22-3504(1), his challenge is not barred by res judicata. Accordingly, the State's argument that Blake is barred by res judicata fails.

Similarly, because Blake's criminal history score challenge fits within the parameters of an illegal sentence under K.S.A. 22-3504(1), the State's argument that "*Dickey* should not be retroactively applied to any case that has become final" fails. In its brief, the State cites to several cases where Kansas courts have declined to apply a rule retroactively, including *Drach v. Bruce*, 281 Kan. 1058, 1072, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1270 (2007). In *Drach*, our Supreme Court held that, in general, new rules will not be applied retroactively. 281 Kan. at 1072. The *Drach* court explained the limited exceptions to this rule as follows:

> "'Under *Teague v. Lane,* 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), a new rule of constitutional criminal procedure is not applied retroactively on collateral review unless (1) it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to prosecute, or (2) it is a watershed rule requiring the observance of those procedures that are implicit in the concept of ordered liberty.' [Citation omitted.]" 281 Kan. at 1072.

The State contends that because the *Drach* court refused to retroactively apply the United States Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), which created a new Confrontation Clause analysis, *Dickey* should not apply retroactively unless Blake's challenge fits within one of the two exceptions stated above in *Drach*, 281 Kan. at 1072.

Yet, in making this argument, the State ignores that our Supreme Court has consistently held that a criminal history score contention constitutes a challenge to the legality of the underlying sentence that may be raised at any time under K.S.A. 22-3504(1). Again, in *Neal* our Supreme Court held that defendants may challenge their criminal history scores via a motion to correct illegal sentence under K.S.A. 22-3504(1)

9

because defendants necessarily challenge their underlying sentence when they challenge their criminal history scores. 292 Kan. at 631. In *Dickey*, our Supreme Court held that defendants may challenge their criminal history scores under K.S.A. 22-3504(1) because "[s]uch a challenge necessarily raises a claim that the sentence imposed for the current conviction was illegal because the sentence did not comply with the applicable statutory provision regarding the term of punishment authorized for the current conviction." 301 Kan. 1018, Syl. ¶ 3. Moreover, in *State v. Luarks*, 302 Kan. 972, Syl. ¶ 1, 360 P.3d 418 (2015), our Supreme Court held that when a defendant challenges "how prior convictions should be classified for criminal history purposes," "[s]uch a challenge necessarily raise[s] a claim that the sentence imposed for the current conviction was illegal because it did not comply with the applicable statutory provision regarding the term of punishment authorized for the current conviction."

Thus, challenges to criminal history scores constitute challenges to the legality of the underlying sentence that the criminal history score helped produce. Moreover, because criminal history challenges fit within the parameters of an illegal sentence, defendants may raise their criminal history challenges at any time under K.S.A. 22-3504(1). Consequently, Blake is not limited by the general rule that "'a new rule of constitutional criminal procedure is not applied retroactively on collateral review.'" *Drach*, 281 Kan. at 1072.

Furthermore, even if Blake could not raise his criminal history challenge under K.S.A. 22-3504(1), the State's retroactivity argument would still fail. As Blake points out in his reply brief, *Dickey* is "merely an application of *Apprendi*," which was the law when Blake was sentenced for the thefts in 2013. Because *Apprendi* was law when Blake was sentenced for the thefts in 2013, this court would not need to apply the *Apprendi* rule retroactively to apply the rule in Blake's case.

10

It is additionally important to note that this court recently rejected identical arguments concerning res judicata and the retroactive application of *Dickey*. In *Martin*, 52 Kan. App. 2d ___, 2016 WL 852130, Martin asserted that the trial court erred when it summarily denied his motion to correct illegal sentence challenging the trial court's decision to classify his two 1990 burglary adjudications as person felonies for criminal history purposes. The State countered that Martin was not entitled to relief in his collateral appeal: (1) because he was barred as a matter of res judicata; and (2) because he was not entitled to the retroactive application of *Dickey*. *Martin*, 2016 WL 852130, at *1. Citing the case previously discussed, this court rejected the State's arguments because defendants challenging their criminal history scores may properly bring their challenges under K.S.A. 22-3504(1). 2016 WL 852130, at *3-8. Therefore, this court's decision in *Martin* further supports the position that the State's arguments must fail.

*Blake's Sentence is Illegal and Must Be Vacated*

In summary, neither of the State's arguments regarding res judicata and retroactivity are correct. Because Blake's criminal history challenge fits into the confines of an illegal sentence that may be corrected at any time under K.S.A. 22-3504(1), this court has jurisdiction to address Blake's challenge. Moreover, Blake correctly argues that his sentence violates his constitutional rights as stated in *Apprendi*, *Descamps*, and *Dickey* because the trial court engaged in factfinding that went beyond recognizing his prior conviction and identifying the statutory elements of the burglary statute. Accordingly, the trial court erred by summarily denying Blake's motion because Blake's sentence is illegal. As a result, this court must vacate Blake's sentence and remand to the trial court for resentencing.

Sentence vacated and remanded with directions.