NOT DESIGNATED FOR PUBLICATION

No. 123,433

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WALTER A. PEYTON a/k/a WALTER L. PAYTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court, JEFFREY SYRIOS, judge. Opinion filed September 10, 2021. Affirmed.

*Mark Sevart*, of Derby, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GARDNER and CLINE, JJ.

PER CURIAM: Walter A. Peyton, also known as Walter L. Payton, appeals from the district court's denial of his pro se motion to correct an illegal sentence. Having reviewed the record, we find no error in the district court's summary denial of his motion.

*Factual and Procedural Background*

In March 1998, a jury convicted Peyton of three counts of rape. In April 1998, the district court sentenced Peyton to a controlling 712 months in prison. The length of

1

Peyton's sentence was based in part on his criminal history score which included at least one out-of-state crime scored as a person crime. Peyton appealed, but a panel of this court affirmed his direct appeal. *State v. Peyton*, No. 81,569, unpublished opinion filed February 18, 2000 (Kan. App.) (*Peyton I*). His case was thus final in 2000. See *Kirtdoll v. State*, 306 Kan. 335, 340, 393 P.3d 1053 (2017) (A conviction is "final" when the judgment of conviction has been rendered, the availability of an appeal has been exhausted, and the time for any rehearing or final review has passed.).

Since that time, Peyton has been a frequent filer in our court. See, e.g., *Peyton v. State*, No. 88,293, unpublished opinion filed January 24, 2003 (Kan. App. ) (*Peyton II*) (affirming district court's denial of K.S.A. 60-1507 motion); *State v. Payton*, No. 96,637 (*Peyton III*) (affirming district court's denial of motion for additional DNA testing); *State v. Payton*, No. 99,293, 2009 WL 77911 (Kan. App. 2009) (unpublished opinion) (*Payton IV*) (affirming district court's denial of motion to set aside convictions and for DNA test); *Payton v. State*, No. 105,822, 2012 WL 1352837, at *3-4 (Kan. App. 2012) (unpublished opinion) (*Peyton V*) (affirming district court's denial of second K.S.A. 60-1507 motion).

Fourteen years after Peyton's conviction became final, the Kansas Supreme Court decided *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015) (*Murdock I*). *Murdock I* held that out-of-state crimes committed before 1993, when the Legislature enacted the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 et seq. (now K.S.A. 2020 Supp. 21-6801 et seq.), had to be classified as nonperson felonies in determining a defendant's criminal history score. 299 Kan. at 313.

One month after *Murdock I*, Peyton moved pro se to correct an illegal sentence, arguing that his criminal history score was illegal under *Murdock I*. The district court agreed, finding *Murdock I* applicable. It granted Peyton's motion, reclassified Peyton's

2

out-of-state conviction from a person crime to a nonperson crime, and resentenced him in December 2014 to 476 months in prison instead of 712 months.

The State then appealed, challenging the district court's resentencing under *Murdock I*. While the State's appeal was pending, the Kansas Supreme Court decided *Keel*, 302 Kan. 560. *Keel* overruled *Murdock I* and held that a prior conviction is classified as a person or nonperson crime for criminal history purposes based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed, even if the prior conviction was before 1993. *Keel*, 302 Kan. at 564. The State then moved for summary disposition of its appeal based on *Keel*. See Supreme Court Rule 7.041(b) (2021 Kan. S. Ct. R. 48) (permitting party to move for summary disposition during appeal if controlling appellate decision is dispositive of appeal).

In August 2016, a panel of this court considered the State's appeal of Peyton's reduced sentence, summarily reversed the district court, and ordered reinstatement of Peyton's 712-month sentence based on *Keel*. *State v. Peyton*, No. 113,674, order filed August 22, 2016 *(Peyton VI)*. In January 2017, the district court complied, vacating the reduced prison sentence of 476 months and reinstating Peyton's original prison sentence of 712 months.

Peyton appealed the district court's reinstatement of his original sentence and its summary denial of several pro se motions. The district court denied three of his motions as barred by res judicata. The only issue Peyton raised relating to his sentencing was that his prior out-of-state conviction in his criminal history was not supported by a certified journal entry. In August 2018, a panel of this court affirmed Peyton's reinstated sentence, finding that Peyton had raised all issues before and the district court had properly found that the doctrine of res judicata barred relief. *State v. Peyton*, No. 117,996, 2018 WL 3946000, at *2-3 (Kan. App. 2018) (unpublished opinion) (*Peyton VII*).

In February 2020, Peyton moved again to correct an illegal sentence, arguing that the court had consolidated the cases for trial but had improperly "separated" the charges to impose sentences, violating his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. He also raised illegal detainment and due process issues. The district court summarily denied that motion in March 2020, and Peyton did not appeal that decision.

In May 2020, Peyton filed the pro se motion to correct an illegal sentence that gives rise to this appeal. It alleged mainly that

- *Keel* did not apply to him because he had been validly sentenced under *Murdock I*;
- the district court erred in ordering consecutive sentences;
- his out-of-state conviction lacked a certified journal entry; and
- the district court's reinstitution of his original sentence violated equal protection and the prohibition on cruel and unusual punishment.

The State responded that Peyton's sentence had been affirmed on appeal and the motion raised no new issues so it was barred by res judicata.

The district court summarily denied his motion as failing to present a substantial question of law or fact, citing *State v. Duke*, 263 Kan. 193, 196, 946 P.2d 1375 (1997), and referencing the State's response. Peyton timely appeals.

Peyton argues the district court erred by reinstating his original sentence. He contends that his reduced sentence in 2014 was valid at the time it was pronounced under *Murdock I*, so the Kansas Supreme Court's later *Keel* decision overruling *Murdock I* does not apply to him. Peyton relies on the holding in *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) (*Murdock II*), that "the legality of a sentence under K.S.A. 22-3504

4

is controlled by the law in effect at the time the sentence was pronounced." So his reduced sentence, he argues, legal under *Murdock I* when it was imposed, cannot become illegal when the law changed in *Keel*.

The State argues that Peyton's appeal is barred by res judicata. We issued a show cause order, asking the parties why we should not summarily affirm the district court's decision under the law-of-the-case doctrine.

## *Should We Apply a Preclusionary Doctrine?*

We first address whether we should apply either res judicata or the law-of-the-case doctrine.

### *Res Judicata*

The State argues the appeal is barred by the doctrine of res judicata. Courts invoke res judicata to bar a successive suit when these requirements are met:  (1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015). Kansas courts have routinely applied this doctrine in criminal cases when a defendant files multiple appeals in the same case. See, e.g., *State v. Martin*, 294 Kan. 638, Syl. ¶ 2, 279 P.3d 704 (2012); *State v. Conley*, 287 Kan. 686, 698, 197 P.3d 837 (2008); *State v. Johnson*, 269 Kan. 594, 602, 7 P.3d 294 (2000).

But the State does not show that res judicata properly applies to a motion to correct an illegal sentence. In *State v. Dickey*, 305 Kan. 217, 222, 380 P.3d 230 (2016), the Kansas Supreme Court held that res judicata did not apply to a motion to correct an illegal sentence because an illegal sentence issue may be raised at any time. And another panel of this court found that because it was duty-bound to follow Supreme Court

precedent, res judicata did not bar a defendant's motion to correct an illegal sentence. *State v. McIntyre*, No. 117,787, 2018 WL 3321177, at *3 (Kan. App. 2018) (unpublished opinion).

We thus hesitate to apply res judicata here.

*The law-of-the-case doctrine*

The law-of-the-case doctrine prevents a party from relitigating an issue already decided on appeal in successive stages of the same proceeding. See *Thoroughbred Assocs. v. Kansas City Royalty Co.*, 297 Kan. 1193, 1212, 308 P.3d 1238 (2013). Neither party briefed this issue on appeal nor raised it to the district court. But when parties are relitigating issues already decided on appeal in successive stages of the same proceeding, the appellate court may raise the law-of-the-case doctrine sua sponte if the issue involves only a legal question arising on undisputed facts that will be finally determinative of the case. *State v. Parry*, 305 Kan. 1189, 1193, 390 P.3d 879 (2017).

We raised that doctrine sua sponte and asked the parties to brief its application. Peyton responded that his motion is important and can make a huge difference in the length of his sentence, so we should exercise our discretion to reach its merits. The State responded that it knew of no reason why the doctrine should not apply and that this court had rejected Peyton's same argument in *Peyton VI* that his sentence under *Keel* was illegal. But the State does not establish that Peyton raised this same argument before and does not show that the law-of-the-case doctrine is properly applied in a motion to correct an illegal sentence.

True, some other panels of our court post-*Parry* have applied the law-of-the-case doctrine to illegal sentence motions. See, e.g., *State v. Williams*, No. 118,781, 2018 WL 6580086, at *3 (Kan. App. 2018) (unpublished opinion); *McIntyre*, 2018 WL 3321177, at

6

*3-4; *State v. Brown*, No. 115,372, 2017 WL 3001349, at *3 (Kan. App. 2017) (unpublished opinion).

But we hesitate to apply the law-of-the-case doctrine to illegal sentence motions, given more recent statements from the Kansas Supreme Court in *Murdock II*. There, as here, the parties raised arguments about the doctrines of res judicata and law of the case. The Supreme Court found, however, that the threshold question of whether one's sentence was legal "informs the applicability of preclusionary doctrines to K.S.A. 22-3504 motions." *Murdock II*, 309 Kan. at 590.

> "[T]rue *changes* in the law cannot transform a once legal sentence into an illegal sentence, but developments in the law may shine new light on the original question of whether the sentence was illegal when pronounced. In the latter case, the 'at any time' language of K.S.A. 22-3504(1) permits a party to advance a successive motion to correct an illegal sentence premised on developments in the law that show the earlier determination was wrong on the merits." *Murdock II*, 309 Kan. at 592.

In the end, the Supreme Court sidestepped the question, finding: "[W]e need not decide whether the State's motion is barred by a preclusionary doctrine because we can easily conclude that Murdock's second sentence was legal when pronounced." 309 Kan. at 593. Admitting some confusion about the application of preclusionary doctrines to motions to correct a sentence, we follow *Murdock II*'s approach and address the merits.

*Did the District Court Err in Summarily Denying Peyton's Motion to Correct an Illegal Sentence?*

We review de novo the district court's summary denial of a motion to correct an illegal sentence because we have the same access to the motion, records, and files as the district court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

A sentence is illegal when:  (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1); *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). A change in the law after the sentence is pronounced and after any direct appeal is concluded does not render that sentence illegal. K.S.A. 2020 Supp. 22-3504(c)(1); *Murdock II*, 309 Kan. at 591-92. But a party will benefit from a change in the law if the opinion is issued while the party's sentence is pending on direct appeal. 309 Kan. at 591.

The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. 309 Kan. at 592. So, to determine whether a sentence is illegal, we must first determine the date that the district court pronounced Peyton's sentence. This is usually a simple task. But which of the three sentencing dates controls here—1998, when the district court pronounced Peyton's original sentence; 2014, when the court pronounced his reduced sentence; or 2017, when the court pronounced its reinstatement of Peyton's original sentence?

Peyton argues that his sentencing was pronounced in December 2014 when the court resentenced him to a shorter sentence based on *Murdock I.* True, *Murdock I* "was controlling law (albeit for a short window of time)" and was in effect when Peyton's reduced sentence was pronounced. *Murdock II*, 309 Kan. at 593. But Peyton does not give us any reason to rely on his resentencing date instead of his original sentencing date.

We are convinced that using Peyton's resentencing date would be erroneous. Although the district court sentenced Peyton to a shorter term of imprisonment, that 2014 resentencing occurred only because the district court had granted his motion to correct an illegal sentence based on *Murdock I*. But granting that relief was erroneous.

Granting Peyton relief in 2014 under *Murdock I* was error because the change in the law (*Murdock I* decision) did not occur while Peyton's direct appeal was pending—it occurred 14 years after his convictions were affirmed in 2000 on direct appeal. The district court granted Peyton relief in 2014 based on a motion to correct an illegal sentence under K.S.A. 22-3504—not a direct appeal. Peyton's case had already been appealed and had been final since 2000. But Peyton's original sentence was legal according to the law when his sentence was pronounced in 1998, so he could not benefit from a later change in the law through a motion to correct an illegal sentence under K.S.A. 22-3504:

> "Today, we clearly state what we gestured toward in *Lee*: the legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." *Murdock II*, 309 Kan. at 591.

Had Peyton originally been sentenced during the short time *Murdock I* was in effect or had his direct appeal been pending when *Murdock I* was decided, his argument would be a winner, as it was for the defendant in *Murdock II*.

So why does the State get the benefit of a change in the law in *Keel* when Peyton does not? Because the State's appeal was pending when *Keel* was decided. While Peyton's reduced sentence was on direct appeal by the State, *Keel* overruled the very basis the district court had relied on to resentence Peyton. See *Keel*, 302 Kan. at 589. *Murdock II* reaffirms that a party will benefit from a change in the law if the opinion is issued while the party's sentence is pending on direct appeal. 309 Kan. at 591 (citing *State v. Ford*, 302 Kan. 455, 471, 353 P.3d 1143 [2015]) ("'[I]t is generally true that changes in the law apply prospectively and only to cases on direct review.'"). So the State

gets the benefit of *Keel*, as our court previously held. Because *Keel* overruled *Murdock I*, the district court was compelled to reinstate Peyton's original sentence.

Although we understand Peyton's perplexity at being personally and significantly impacted by our State's confusing, complex, and contradictory criminal history jurisprudence, the legality of Peyton's sentence was fixed in 1998 when his original sentence was pronounced. See *Murdock II*, 309 Kan. at 591-92. That sentence, legal when pronounced, was not made illegal by a case decided 14 years after Peyton's sentence became final. The district court thus did not err in summarily denying Peyton's motion to correct an illegal sentence.

Affirmed.