No. 105,931

STATE OF KANSAS, *Appellee*, v. ESSEX SIMS, *Appellant*.

(280 P.3d 780)

Opinion filed July 20, 2012.

*Carl F.A. Maughan*, of Maughan & Maughan, L.C., of Wichita, was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Essex Sims directly appeals the summary denial of his pro se motion to correct an illegal sentence. He asserts five claims of error. Four challenge his convictions, not his sentence, and the fifth contends the district court's order was unclear as to whether his sentences were consecutive or concurrent. We affirm the district court's summary denial. A motion to correct an illegal sentence cannot be used to challenge a conviction, so the four claims at-

tacking his convictions are not properly raised. See *State v. Deal,* 286 Kan. 528, Syl. ¶ 2, 186 P.3d 735 (2008). As to the fifth argument, we have reviewed the sentencing hearing transcript and hold there is no reasonable interpretation that supports Sims' argument.

## Factual and Procedural Background

A jury convicted Sims of one count of first-degree felony murder, two counts of aggravated battery, one count of criminal discharge of a firearm at an occupied building, and one count of criminal possession of a firearm. The charges resulted from a 1995 drive-by shooting. Sims was sentenced to life in prison for felony murder and a consecutive 140 months for the remaining offenses. This court affirmed his convictions in *State v. Sims,* 262 Kan. 165, 936 P.2d 779 (1997).

More than 7 years later, Sims filed a K.S.A. 60-1507 motion collaterally attacking his convictions based on ineffective assistance of counsel. He argued his trial counsel failed to investigate Sims' self-defense claim, object to prosecutorial misconduct, and object to the admission of gang-related evidence. The district court summarily denied the motion. The Court of Appeals affirmed. *Sims v. State,* No. 93,676, 2006 WL 995364, at *1 (Kan. App. 2006) (unpublished opinion). In 2011, Sims filed his current pro se motion to correct an illegal sentence, raising five new issues.

First, he argues the trial court lacked jurisdiction to convict him of criminal discharge of a firearm at an occupied dwelling because the complaint did not state that the crime was committed "maliciously" and "without authorization." Sims claims these were essential elements of the criminal discharge offense. He also argues that the complaint was defective because it omitted the crime severity level, and the evidence admitted at trial did not fit the charge because the State claimed he was shooting "at" the people, not the building.

Second, Sims argues the trial court lacked jurisdiction to convict him of felony murder. He notes he was charged with criminal discharge of a firearm in violation of K.S.A. 1994 Supp. 21-4219(b), which served as the underlying felony for the felony-murder conviction, but that the complaint did not specify which subsection of

K.S.A. 1994 Supp. 21-4219 applied for the felony-murder charge. It simply charged him with an unlawful killing "in the commission of the crime of Discharging a Firearm at an occupied dwelling as defined by K.S.A. 21-4219."

Third, Sims argues the trial court lacked jurisdiction to convict him of criminal possession of a firearm because the complaint did not indicate which subsection of the corresponding statute, K.S.A. 1994 Supp. 21-4204, was violated. The jury was instructed on K.S.A. 1994 Supp. 21-4204(a)(3).

Fourth, Sims contends the trial court lacked jurisdiction to convict him on two counts of aggravated battery because the charges, which stemmed from injuries to two different people during the same shooting spree, "arose from one single act." He argues the second aggravated battery conviction violates double jeopardy principles. He asserts that sentence, which was ordered to run consecutive to the first aggravated battery conviction, must be vacated.

Fifth, Sims argues the trial court's order was ambiguous as to whether consecutive sentences were imposed, even though he concedes the trial court clearly stated during the sentencing hearing that each sentence was to "run consecutive" to the previous one. But Sims claims his sentence was later made ambiguous when the trial court stated Sims was to be delivered to the Secretary of Corrections "to serve the sentences that have been imposed." The journal entry of judgment, however, reflects that consecutive sentences were ordered.

In its response to Sims' motion before the district court, the State argued that Sims was challenging his convictions—not alleging he received an illegal sentence, which is what K.S.A. 22-3504 requires. Therefore, the State argued, the issues raised were inappropriate for a motion to correct an illegal sentence. The district court agreed and denied the motion without holding an evidentiary hearing. The handwritten journal entry states: "The defendant's trying to use this motion as a collateral attack upon his conviction. The argument of the State in its written response is persuasive." Sims filed a timely appeal. This court has jurisdiction over this motion to correct an illegal sentence because it was filed in a case

in which the defendant received a life sentence. See K.S.A. 2011 Supp. 22-3601(b)(3) (appeal from life sentence).

## ANALYSIS

Through counsel before this court, Sims argues the district court erred by summarily denying his motion to correct an illegal sentence. He seeks remand for a hearing conducted with his personal presence and appointed counsel. Whether a sentence is illegal is a question of law over which this court has unlimited review. *Deal*, 286 Kan. at 529.

Sims first argues the district court lacked authority to summarily deny his motion to correct an illegal sentence. He urges us to overrule *State v. Duke*, 263 Kan. 193, 194-96, 946 P.2d 1375 (1997), in which a similar argument was raised and denied. But we have consistently declined to overrule *Duke* based upon the identical argument. See, *e.g.*, *State v. Pennington*, 288 Kan. 599, 601, 205 P.3d 741 (2009) ("K.S.A. 22-3504 does not automatically require a full hearing, or appointment of counsel, upon the filing of a motion to correct an illegal sentence. The district court first makes a preliminary examination of the motion. Based upon that examination, the motion can be denied ' "without a hearing or appointment of counsel if the district court determines the motion, files, and records of the case conclusively show the defendant is not entitled to relief." ' "); *State v. Conley*, 287 Kan. 696, 701-04, 197 P.3d 837 (2008); *State v. Hoge*, 283 Kan. 219, 223-25, 150 P.3d 905 (2007). *Duke* and *Pennington* were most recently affirmed in *State v. Timley*, Nos. 103,039, 103,040, 2011 WL 430567, at *2 (Kan. 2011) (unpublished opinion). Sims does not offer a persuasive argument or supporting authority on why we should now reconsider *Duke* and the decisions that followed.

In the alternative, Sims argues the district court erred by summarily denying his motion because it raised substantial issues of fact and law that required a hearing, although he does not pinpoint what was raised that would require a hearing. The State counters that summary denial was proper because Sims' contentions do not fit within the narrow category of claims appropriately raised in a motion to correct an illegal sentence under K.S.A. 22-3504. The

State claims that rather than attacking his sentence, Sims is trying to collaterally attack the underlying convictions by essentially arguing that the criminal complaint was defective. Therefore, the threshold question is whether Sims' claims can be raised in a motion to correct an illegal sentence.

K.S.A. 22-3504 only applies to claims that a sentence is illegal. An illegal sentence is a sentence that (1) is imposed by a court without jurisdiction; (2) does not conform to the statutory provision, either in character or the term of the punishment authorized; or (3) is ambiguous with regard to the time and manner in which it is to be served. *Deal*, 286 Kan. 528, Syl. ¶ 1. The only relief available under K.S.A. 22-3504 is correction of an illegal sentence. *State v. Nash*, 281 Kan. 600, 601, 133 P.3d 836 (2006). It does not provide the means to reverse a conviction. *Deal*, 286 Kan. at 529-30. Sims argues his claims fit within this narrow category of issues because he is arguing the trial court lacked jurisdiction to impose a sentence. We disagree.

The first three of Sims' claims challenge the sufficiency of the complaint. Sims argues the felony-murder charge did not list all essential elements or indicate which subsection of K.S.A. 1994 Supp. 21-4204 was violated. He also contends the criminal discharge of a firearm and criminal possession of a firearm charges were insufficient on various grounds, including that the complaint omitted essential elements of the crime.

This court has previously held that a motion to correct an illegal sentence is an inappropriate vehicle to dispute whether a complaint was defective because such a claim challenges the conviction, not the sentence. *Deal*, 286 Kan. at 530 (arguing the complaint was defective); *Hoge*, 283 Kan. at 225-26 (same); *Nash*, 281 Kan. at 601-02 (same). The district court did not err by summarily denying Sims' claims.

Sims' fourth argument—that the trial court lacked jurisdiction to convict him on two counts of aggravated battery because the charges arose from the same shooting spree—appears to claim that the aggravated battery convictions were multiplicitous. See *State v. Schoonover*, 281 Kan. 453, 475, 133 P.3d 48 (2006) (multiplicity is the charging of a single offense in several counts of a complaint).

In *State v. Edwards*, 281 Kan. 1334, 1338-39, 135 P.3d 1251 (2006), this court considered whether sentences imposed for multiplicitous convictions in violation of double jeopardy may be challenged under K.S.A. 22-3504 because they are "sentences imposed by a court without jurisdiction." The *Edwards* court held those claims cannot be brought under K.S.A. 22-3504 because multiplicity is not a jurisdictional defect. 281 Kan. at 1341. Therefore, this issue was not properly raised under K.S.A. 22-3504.

In contrast, Sims' fifth argument does allege a sentencing error. He contends the trial court's order is ambiguous as to whether his sentences for the lesser crimes were ordered to run concurrently or consecutively. See *Deal*, 286 Kan. at 529-30 (motion to correct an illegal sentence may be used to correct sentence that is ambiguous as to time that is required to be served). Therefore, this court must examine whether summary denial of that claim was appropriate.

When a motion to correct an illegal sentence is summarily denied, we review de novo whether the defendant's motion, record, and files conclusively show defendant is entitled to no relief. *State v. Jones*, 292 Kan. 910, 913, 257 P.3d 268 (2011). "[D]eference need not be given to the district court's factual findings because appellate courts have the same access to the motion, records, and files as the district court." *State v. Howard*, 287 Kan. 686, 691, 198 P.3d 146 (2008).

But the problem with Sims' fifth claim is that no reasonable interpretation of the trial court's order supports a finding of ambiguity. At the sentencing hearing, the trial judge stated:

"I'll impose a life sentence as required by law [for Count Number 2, felony murder]. Count Number 3, aggravated battery, I'll impose sentence of 75 months to run consecutive to Count Number 2. Count Number 4, I'll impose a sentence of 43 months to run consecutive to Count Number 3. Count Number 1, I'll impose a sentence of 13 months to run consecutive to Count Number 4. And, in Count Number 5, I'll impose a sentence of 9 months to run consecutive to Count Number 1."

The trial court then stated, "Mr. Sims will receive credit for time served in the Sedgwick County jail. He'll be delivered by the Sheriff to the Secretary of Corrections *to serve the sentences that have*

*been imposed.*" (Emphasis added.) This simply remanded Sims to State custody. It cannot be read to mean that the trial court meant to impose concurrent sentences instead. The sentence is not ambiguous.

We hold that the motion, record, and files conclusively show Sims was not entitled to relief. The district court did not err when it summarily denied the motion to correct an illegal sentence.

Affirmed.