NOT DESIGNATED FOR PUBLICATION

No. 111,270

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL ISERHARDT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed October 16, 2015. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jodi Litfin*, *assistant district attorney*, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., MCANANY and ATCHESON, JJ.


*Per Curiam*:  In 2010, Defendant Michael Iserhardt pleaded no contest to a charge of aggravated sexual battery, then a severity level 5 person felony violation of K.S.A. 21-3518(a)(1), and the Shawnee County District Court imposed a sentence of 110 months in prison followed by lifetime postrelease supervision. About 3 years later, Iserhardt filed a motion to correct the sentence as illegal under K.S.A. 22-3504 on the grounds he was incompetent when he entered his plea. The district court denied the motion. We find no error and affirm.

1

Iserhardt's appeal fails because his argument goes to the validity of his plea and the resulting conviction—not the legality of his sentence. A motion to correct an illegal sentence under K.S.A. 22-3504 lies when the sentencing court lacked jurisdiction, the sentence failed to conform to the law, or the sentence was in some material way ambiguous as to its terms. *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012). In *Sims*, the court recognized a motion under K.S.A. 22-3504 is confined to those specific bases for correcting a sentence and may not be used as a "means to reverse a conviction." 294 Kan. at 825. But Iserhardt concedes he has deployed the motion as a vehicle to have the court declare his plea "a nullity and void." After the appellate briefing in this case, the Kansas Supreme Court applied that rule to hold specifically that a motion to correct an illegal sentence cannot serve as a vehicle for defendants to raise the issue of mental competency to enter a plea or stand trial. *State v. Ford*, 302 Kan. ___, 353 P.3d 1143, 1152 (2015).

In conformity with *Ford* and *Sims*, the district court correctly denied the motion. We mention that Iserhardt also filed a motion under K.S.A. 60-1507 seeking essentially the same relief. That motion is the subject of a separate appeal. See *Iserhardt v. State*, No. 111,269 (this day decided) (Kan. App. 2015) (unpublished opinion).

Affirmed.