NOT DESIGNATED FOR PUBLICATION

No. 113,373

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN L. JONES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed March 25, 2016. Vacated and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.


*Per Curiam*: This case turns on the retroactive application of the Kansas Supreme Court's rule in *State v. Dickey*, 301 Kan. 1018, 1021, 350 P.3d 1054 (2015), that convictions for burglary, as statutorily defined before the adoption of the sentencing guidelines, be scored as nonperson felonies for criminal history purposes. This court recently held that *Dickey* should be applied retroactively to motions defendants file to correct illegal sentences, as permitted by K.S.A. 22-3504. *State v. Martin*, 52 Kan. App. 2d ___, Syl. ¶¶ 5, 7-8, ___ P.3d ___ (No. 113,189 filed March 4, 2015). The Sedgwick County District Court, therefore, erred in denying Defendant Justin Jones' motion. We

1

reverse that ruling, vacate Jones' sentence, and remand with directions that Jones be resentenced in conformity with *Dickey*.

In 1999, a jury convicted Jones of two counts of attempted first-degree murder. His criminal history included two burglary convictions predating the Kansas Sentencing Guidelines. Those convictions were scored as person felonies in establishing Jones' criminal history and, in turn, setting the duration of his sentence. Jones had no other person felonies in his criminal history. Jones did not challenge his criminal history score in the district court or on direct appeal.

In 2014, in reliance on this court's decision in *Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015), Jones filed a motion to correct his sentence on the grounds the burglary convictions should have been treated as nonperson felonies, thereby reducing his criminal history classification and presumptive punishment. The district court denied the motion, ruling the panel decision in *Dickey* was not binding because the State's petition for review had been granted and the decision should not, in any event, be applied retroactively. Jones appealed.

In the meantime, the Kansas Supreme Court issued its decision in *Dickey* and held that burglary convictions, such as Jones', had to be scored as nonperson felonies for criminal history purposes given the statutory elements of the offense and the dictates of *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Dickey*, 301 Kan. at 1021. We need not further detail the rationale behind *Dickey*. In this appeal, both sides recognize *Dickey* controls how preguidelines burglary convictions should be scored for criminal history purposes. They engage on whether the rule of *Dickey* should be applied to defendants asserting it in motions to correct illegal sentences long after their direct criminal appeals have become final.

As we have said, this court resolved the issue in favor of retroactive application in *Martin.* The *Martin* decision effectively disposes of the State's arguments against retroactivity. *Martin*, 52 Kan. App. 2d ___, Syl. ¶¶ 5, 7-8 (No. 113,189 filed March 4, 2015). A sentence is illegal for purposes of K.S.A. 22-3504(1) if it: (1) is imposed by a court without jurisdiction; (2) fails to conform to the sentencing statute, either in character or term of punishment; or (3) is ambiguous as to the time and manner required for serving the punishment. *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012). Because Jones' criminal history was incorrectly calculated based on the misclassification of the burglary convictions as person felonies, he received a sentence that failed to conform to the governing statute. He is entitled to a sentence the district court imposes using a correctly determined criminal history. Consistent with the remedy afforded in *Dickey*, 301 Kan. at 1039-40, Jones' burglary convictions must be scored as nonperson felonies.

We, therefore, vacate Jones' sentence and remand to the district court for resentencing consistent with *Dickey*.