NOT DESIGNATED FOR PUBLICATION

No. 113,426

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUANE O. WEST,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed April 1, 2016. Reversed and sentence vacated and remanded with directions.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.


*Per Curiam*:  This case turns on the retroactive application of the Kansas Supreme Court's rule in *State v. Dickey*, 301 Kan. 1018, 1021, 350 P.3d 1054 (2015), that convictions or adjudications for burglary, as statutorily defined before the adoption of the sentencing guidelines, be scored as nonperson felonies for criminal history purposes. This court recently held that *Dickey* should be applied retroactively to motions defendants file to correct illegal sentences, as permitted by K.S.A. 22-3504. *State v. Martin*, No. 113,189, 52 Kan. App. 2d ___, Syl. ¶¶ 5, 7-8, ___ P.3d ___ (2016). The Sedgwick County District Court, therefore, erred in denying Defendant Duane O. West's motion.

1

We reverse that ruling, vacate West's sentence, and remand with directions that West be resentenced in conformity with *Dickey*.

West pleaded no contest to possession of cocaine and possession of marijuana, both felony offenses. At the sentencing hearing, the district court treated a 1982 juvenile adjudication for burglary as a person felony in determining West's criminal history score. West did not dispute that treatment of the adjudication. The district court sentenced West to a controlling prison term of 48 months and placed him on probation for 18 months. West violated the conditions of probation, and the district court ordered him to serve his underlying sentence. West filed a motion to correct an illegal sentence, arguing the burglary adjudication should have been treated as a nonperson offense. That would lower his criminal history and reduce his presumptive guidelines sentence. West relied on this court's decision in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). The district court summarily denied the motion, and West appealed.

In the meantime, the Kansas Supreme Court issued its decision in *Dickey* and held that burglary convictions or juvenile adjudications predating the sentencing guidelines, such as West's, had to be scored as nonperson felonies for criminal history purposes given the statutory elements of the offense and the dictates of *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Dickey*, 301 Kan. at 1021. We need not further detail the rationale behind *Dickey*. In this appeal, both sides recognize *Dickey* controls how those burglary dispositions should be scored for criminal history purposes. They engage on whether the rule of *Dickey* should be applied to defendants asserting that rule for the first time in motions to correct illegal sentences.

As we have said, this court resolved the issue in favor of retroactive application in *Martin*. The *Martin* decision effectively disposes of the State's arguments against

2

retroactivity. *Martin*, 52 Kan. App. 2d ___, Syl. ¶¶ 5, 7-8. A sentence is illegal for purposes of K.S.A. 22-3504(1) if it: (1) is imposed by a court without jurisdiction; (2) fails to conform to the sentencing statute, either in character or term of punishment; or (3) is ambiguous as to the time and manner required for serving the punishment. *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012). Because West's criminal history was incorrectly calculated based on the misclassification of the burglary adjudication as a person felony, he received a sentence that failed to conform to the governing statute. He is entitled to a sentence the district court imposes using a correctly determined criminal history. Consistent with the remedy afforded in *Dickey*, 301 Kan. at 1040, West's burglary adjudication must be scored as a nonperson felony.

We, therefore, vacate West's sentence and remand to the district court for resentencing consistent with *Dickey*.