NOT DESIGNATED FOR PUBLICATION

Nos. 116,101
116,102

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

PATRICK MICHAEL MCCROY,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed June 23, 2017. Affirmed.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*:  The State has appealed a ruling of the Reno County District Court clarifying an otherwise confusing pronouncement of sentences on Defendant Patrick M. McCroy in two criminal cases that were handled in a single probation revocation hearing. Under the circumstances—where the district court promptly informed the parties of its concern about the way it haphazardly articulated the sentences and the hearing transcript confirms an ambiguity—we find no error. The district court acted within the scope of K.S.A. 22-3504(1), governing the correction of illegal sentences, and we, therefore, affirm.

1

In the first case, McCroy entered pleas to and was convicted of felony possession of marijuana and three other charges. The district court sentenced him to a controlling term of 34 months in prison and placed him on probation. McCroy didn't fare well on probation. The district court repeatedly revoked and reinstated his probation while imposing escalating sanctions for the violations.

While he was on probation in that case, McCroy was charged with and later pleaded guilty to aggravated robbery. The district court sentenced McCroy to 216 months in prison in that case but granted a downward dispositional departure to probation for 36 months. McCroy again violated the terms of his probation—for what appears to have been the fifth time in the marijuana case and the first time in the aggravated robbery case. The district court revoked McCroy's probation in both cases, required him to serve 180 days in the county jail as a condition of reinstatement, and extended the probationary terms.

On June 3, 2016, McCroy appeared on yet another probation violation for having tested positive for alcohol, marijuana, and methamphetamine. He stipulated to the violation. McCroy's lawyer spoke about his client's deep-seated drug addiction that seemed to be a companion to McCroy's continuing criminal problems and his inability to abide by the conditions of probation. McCroy similarly explained himself to the district court. The State recounted the repeated opportunities given McCroy to do better and his repeated failures to seize those opportunities. The district court found McCroy violated his probation in each case but took the disposition of the violations under advisement to review an extended drug treatment program McCroy's lawyer had described as a prison alternative to which McCroy would be amenable if he were granted another reinstatement in each case.

On June 17, the district court reconvened the probation revocation hearing for the limited purpose of entering dispositions in the cases based upon its decision 2 weeks

earlier to revoke McCroy's probation. The district court stated it found the suggested drug treatment program unsuitable and prepared to announce McCroy's fate in the two cases. The district court did so in an exceptionally abbreviated fashion—the transcript of the entire hearing doesn't fill three pages. Without citing either case or mentioning any specific term of incarceration, the district court referred to McCroy serving his sentences—plural—at one point and to serving his sentence—singular—at another. The district court did not refer to concurrent or consecutive sentences, although statutorily they necessarily would have been consecutive. See K.S.A. 2016 Supp. 21-6606(c). McCroy thanked the district court and suggested he might become a better person after serving 20 years in prison. The district court immediately closed the hearing with a few words of hope for McCroy's ultimate success.

Several hours later, the district court contacted the lawyers both to say it believed the sentencing pronouncement might have been unclear and to reconvene the hearing to clarify the record. The State filed an objection, arguing the district court had pronounced a lawful sentence and, therefore, had no jurisdiction to alter the dispositions announced from the bench. See *State v. Ballard*, 289 Kan. 1000, Syl. ¶ 10, 218 P.3d 432 (2009); *State v. Stephens*, 266 Kan. 886, 894, 975 P.2d 801 (1999). The district court then filed what it described as its own "motion for reconsideration" and set a hearing for June 22.

At the hearing, the district court explained it believed its pronouncement of sentence on June 17 was not clear as rendered from the bench. So the district court stated it had reconvened the proceedings to fully and accurately place on the record the dispositions it imposed on June 17. The district court sentenced McCroy to serve the 34-month term of imprisonment in the marijuana case and reinstated his probation in the aggravated robbery case. The State has appealed.

On appeal, the State reprises the jurisdictional argument presented in the district court: After a district court imposes a lawful sentence on a defendant, it no longer has

3

jurisdiction to modify that sentence. As we have indicated, the legal principle is correct. But that principle does not apply here. The district court did not impose lawful sentences in its short, unfocused pronouncement at the June 17 hearing.

As provided in K.S.A. 22-3504(1), a district court may correct an illegal sentence at any time. When the district court acted, the statute did not include a definition of what constituted an illegal sentence, but the Kansas Supreme Court had provided one. According to the court, a sentence was illegal within the meaning of K.S.A. 22-3504(1) if: (1) the district court lacks jurisdiction to impose it; (2) it fails to conform to the law in character or term; or (3) it is ambiguous in some material way as to how it must be served or otherwise satisfied. *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012). Earlier this year, the legislature codified that judicial definition. See K.S.A. 22-3504(3), as amended by L. 2017, ch. 62, § 9 (illegal sentence includes one that "is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced"). Notwithstanding the district court's description of its endeavor as "reconsideration," it really acted to fix an otherwise illegal sentence.

Given the exceptionally unsystematic and abbreviated way the district court recited its disposition of the probation revocations, we believe the pronouncements were sufficiently ambiguous as to be illegal as outlined in the third category. As we have indicated, the district court did not cite each case specifically and did not state a sentence in months or any other measure for either case. The district court referred both to a sentence and to sentences to be served. Upon revoking probation, a district court has an array of options. It can reinstate probation with or without various sanctions, including periods of incarceration up to 180 days. K.S.A. 2016 Supp. 22-3716. Alternatively, it can decline to reinstate and, thus, require a defendant to serve the original sentence imposed or a lesser sentence. K.S.A. 2016 Supp. 22-3716(b)(3)(B)(iii). And that's true for each case before a district court.

4

Often, as here, a defendant will be revoked in two or more cases in a single consolidated hearing. When a district court simultaneously handles revocations and dispositions in multiple cases, it must be especially careful to delineate the punishment imposed in each. The district court here simply failed to exercise the required precision to make a sufficiently clear record establishing the punishment McCroy had to serve.

Ambiguities in criminal sentences cannot be left unclarified, since the defendant's liberty—a constitutionally protected interest—hangs in the balance. Accordingly, K.S.A. 22-3504(1) provides a mechanism for a district court to eliminate a sentencing ambiguity on its own or for a party to flag what appears to be an ambiguity. The district court properly engaged that mechanism here to clarify its vague and ill-defined pronouncement of punishment from the bench.

Affirmed.

* * *

POWELL, J., dissenting: Because I disagree that the district court's actions were somehow ambiguous, I must dissent.

This case is a difficult one as it is obvious from the record that the court did not wish to impose McCroy's 20-plus-year sentence. McCroy is a chronic drug offender who, while on felony drug probation, committed two serious person felonies. This typically would have resulted in McCroy's lengthy incarceration without further delay. However, as part of a plea deal and due in part to the fact that the harm committed as a result of McCroy's person felonies was less than typical, the district court granted his motion to depart and placed him on probation along with reinstating probation on his earlier drug case. But, the court did not further depart and reduce his sentence from the standard 216

5

months, perhaps in an effort to "scare McCroy straight" and motivate him to successfully complete probation and beat his drug addiction.

Unfortunately, McCroy called the court's bluff and once again violated the terms of his probation. The district judge, after failing to find a suitable and more intense drug treatment program, decided to revoke McCroy's probation and impose his 34-month sentence in his drug case—at least, it appears that is what she intended. But it does not matter what the court intended. See *Abasalo v. State*, 284 Kan. 299, 310, 160 P.3d 471 (2007) ("[A] sentence is effective once it is announced from the bench, regardless of the court's intent at the time of pronouncement."). What the district court actually did was to revoke McCroy's probation in both cases and send him to prison for over 20 years. After realizing her mistake, the district judge called the parties back into court and modified McCroy's sentence to reflect that he was only to serve his prison time in the drug case. Perhaps aware that a district court may not modify a sentence once imposed, the judge characterized her original action as ambiguous—making the sentence illegal and then subject to modification. See K.S.A. 22-3504(1) (illegal sentence may be corrected at any time); *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012) (ambiguous sentence is illegal); *State v. McKnight*, 292 Kan. 776, 779, 257 P.3d 339 (2011) ("Once a *legal* sentence is pronounced from the bench, the trial court does not have jurisdiction to modify the sentence." [Emphasis added.]).

The necessity for the district court to perform the somersaults it did here is unfortunate because the district court had the authority to modify McCroy's sentence at his revocation hearing. See K.S.A. 2016 Supp. 22-3716(b)(3)(B)(iii). Additionally, this case shows the need for the legislature to give district judges the ability to reconsider the sentences they impose. This notwithstanding, a fair reading of the record uncovers no meaningful ambiguity in the district court's action.

6

The majority describes the district court's revocation of McCroy's probation and its imposition of sentence as "confusing" and "exceptionally unsystematic and abbreviated." Well, nothing in the law required McCroy's disposition to be either systematic or lengthy. It merely had to be unambiguous. To declare the district court's imposition of McCroy's sentences as ambiguous, we must be "genuinely uncertain" how to construe the meaning of the district court's action. See *Brumley v. Lee*, 265 Kan. 810, 813, 963 P.2d 1224 (1998). I quote the hearing in its entirety:

"THE COURT: Patrick McCroy, 12 CR 5 and 13 CR 592. Mr. McCroy is here and by Steve Osburn and the State by Assistant Steve Maxwell. We're here—we held over disposition or I did. [T]here was a stipulation on June 3rd to motions to revoke. I was given some information by Mr. Osburn about a program that Mr. McCroy is interested in in Missouri. I reviewed that information. The program is called Teen Challenge of the Four States. And is there anything else you wish to present today, Mr. Osburn?

"MR. OSBURN: Your Honor, I think we need to put on the record. I got an e-mail I believe from you which was an, in a string. It was an attached e-mail from a gentleman purporting to be the, I believe, the Rice County Attorney and then one from Mr. Maxwell indicating that Rice County had imposed a sentence and sent Mr. McCroy to D.O.C. Mr. McCroy has not been to Rice County to be sentenced. He's been sitting right here in Reno County the whole time. They haven't made any decision in Rice County yet.

"MR. MAXWELL: Well, that's fairly strange since I forwarded you Mr. McPherson, the Rice County Attorney's e-mail I think.

"THE COURT: Well—

"MR. OSBURN: I don't know how they can sentence Mr. McCroy with him sitting here. He has to be present to be sentenced.

"MR. MAXWELL: Judge, I don't know what to tell you.

"THE COURT: Well, to make that easier I, after reviewing that information, I do not believe that is a program that is right for Mr. McCroy. I have previously imposed a 180-day sanction on these probation revocation motions which I believe this is the third.

"MR. MAXWELL: Fourth. Third, third.

"THE COURT: Third. Okay. Mr. McCroy, I'm going to order you to serve your sentences here. I just, I don't think that you have the tools you need to be successful in that program. It sounded pretty tough actually to me and I also feel like you, you are more of a danger to the public in the form of the offenses you've been committing. You're also young. You, like Mr. Pederson, have all the incentive to make a different life, but I feel like serving your sentence is the right course here. Alright. Thank you.

"THE DEFENDANT: Your Honor, I do I respect you. I think you're a really good judge and maybe these next 20 years in prison will help me become a better person but I thank you for the chance.

"THE COURT: I appreciate that. That shows some real maturity and understanding on your part.

"THE DEFENDANT: Thank you, Your Honor."

I fail to see the ambiguity of what the district court did. The district court announced both of McCroy's cases, ordered him to serve his sentences, and labeled McCroy a danger to the public. Moreover, the court's failure to mention whether the sentences ran concurrently or consecutively does not create ambiguity as they are to run consecutively by operation of law unless the district court makes specific findings to the contrary. See K.S.A. 2016 Supp. 21-6606(c). While my colleagues and the district court may be in doubt as to what happened, it is clear McCroy plainly understood because in response to the district court's imposition of his sentences, he stated he hoped "these next 20 years in prison will help me become a better person."

8

The district court's revocation of McCroy's probation and imposition of his underlying sentences was not ambiguous; therefore, the district court lacked the jurisdiction to modify its action. I would reverse the district court and remand with directions for it to impose McCroy's underlying sentences in both of his cases.