NOT DESIGNATED FOR PUBLICATION

No. 115,570

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LORANZY BENNETT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed July 28, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., ATCHESON, J., and FAIRCHILD, S.J.


*Per Curiam*:  In 1998, Defendant Loranzy Bennett, who was then 15 years old, and two other young men forced their way into a Wichita home and terrorized the woman and two small children who lived there. He was referred from juvenile court for prosecution as an adult. Bennett eventually entered pleas to multiple felony charges, and the Sedgwick County District Court sentenced him to serve 416 months in prison. During his incarceration, Bennett has regularly challenged the criminal proceedings with habeas corpus motions and motions to correct illegal sentences. This case reflects his latest effort. The district court summarily denied this motion to correct an illegal sentence in

1

which Bennett claimed he was not mentally competent to acquiesce in his referral from juvenile court for adult prosecution. On appeal, we find no error in the district court's ruling and affirm.

We need not recount the gruesome facts of the criminal episode or the repeated efforts Bennett has made to attack his convictions and sentence.

A criminal defendant may challenge a sentence as being illegal at any time, as provided in K.S.A. 22-3504(1). Although K.S.A. 22-3504 does not define an illegal sentence, the Kansas Supreme Court has held that a motion may be brought under the statute only when the sentencing court lacks jurisdiction, a sentence fails to conform to the law either in character or term of punishment, or the sentence is in some material way ambiguous as to how it must be satisfied. *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012).

A district court may deny a motion to correct an illegal sentence without appointing a lawyer for the defendant or holding a hearing if the stated grounds are obviously without merit. *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013). The district court did so here after reviewing the motion and the underlying case files. We, therefore, review the ruling without any deference, since the district court relied only on documents we can assess equally well.

Essentially, Bennett argues he was not mentally competent to participate in the waiver proceeding that brought him from juvenile court for prosecution in the district court as an adult. He doesn't argue or offer any evidence he then suffered from some form of mental illness that diminished his capacity to understand or participate in the proceeding. Rather, he submits that a typical 15-year-old lacks the insight and maturity to fully appreciate the nature of the judicial process, especially when it involves multiple—

2

and very serious—criminal charges. Under the circumstances, the juvenile court did not conduct a competency hearing or deny a request for such a hearing.

Bennett's motion fails for at least two compelling reasons. First, as he acknowledges on appeal, the Kansas Supreme Court has held that a defendant may not raise a claim of incompetence (or more particularly the failure of a trial court to make a competency determination) through a motion to correct an illegal sentence. *State v. Ford*, 302 Kan. 455, 458, 353 P.3d 1143 (2015). The rule in *Ford* governs here and undercuts Bennett's claim.

Second, the Kansas Supreme Court has more broadly held that a defendant may not use a motion to correct an illegal sentence to attack the legal efficacy of the conviction leading to the sentence. *Sims*, 294 Kan. at 825 (motion to correct illegal sentence may not be used as a "means to reverse a conviction"). That is, the motion will not lie as a means of contesting predicate steps in the criminal justice process culminating in a sentence. Accordingly, Bennett cannot use K.S.A. 22-3504(1) as a procedural vehicle to dispute his referral from juvenile court for prosecution in district court.

The district court, then, correctly denied Bennett's motion, since the motion did not attempt to challenge any purported irregularity in the sentence itself.

Affirmed.