NOT DESIGNATED FOR PUBLICATION

No. 116,298

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HEZZIE KENDRICK III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed September 1, 2017. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: About 2 years after the Sedgwick County District Court revoked the probation of Defendant Hezzie Kendrick III, and sent him to prison, he attempted to challenge purported irregularities in the revocation proceeding through a motion to correct an illegal sentence. As we explain, that doesn't work. The district court correctly denied the motion, and we affirm.

Pursuant to an agreement with the State in 2013, Kendrick pleaded guilty to trafficking in contraband in a penal institution, a felony violation of K.S.A. 2013 Supp.

1

21-5914. Consistent with the agreement, the district court later imposed a dispositional departure placing Kendrick on probation for 24 months with an underlying prison term of 37 months. Kendrick didn't fare especially well on probation. After several violations, the district court revoked his probation and ordered him to serve the 37-month sentence. Kendrick did not appeal the revocation.

Two years later, Kendrick drafted and filed a motion in the district court to correct an illegal sentence, as provided in K.S.A. 22-3504(1). In the motion, Kendrick alleged he was ordered to serve his underlying sentence without having been previously given an intermediate sanction and without a factual finding by the district court that would dispense with an intermediate sanction, *e.g.*, commission of a new offense or his welfare not being served by continuing his probation. See K.S.A. 2015 Supp. 22-3716(c). The district court denied the motion, and Kendrick has appealed.

For purposes of the appeal, we assume the allegations in Kendrick's motion to be true. But the claimed irregularities in the probation revocation would not result in an illegal sentence within the purview of K.S.A. 22-3504(1).

Although K.S.A. 22-3504 does not define an illegal sentence, the Kansas Supreme Court has held that a motion may be brought under the statute only when the sentencing court lacks jurisdiction, a sentence fails to conform to the law either in character or term of punishment, or the sentence is in some material way ambiguous as to how it must be satisfied. *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012). Here, the district court had jurisdiction, and there is nothing ambiguous about the sentence it imposed. Kendrick doesn't argue otherwise.

But with respect to probation revocation, Kendrick says the order represents an impermissible sentence based on the character or term of punishment. This assertion is incorrect. The underlying punishment was incarceration for 37 months, reflecting a low

2

guidelines sentence. (Probation reflected a dispositional departure. Given his criminal history, Kendrick faced presumptive prison.) Incarceration by its character conforms to a lawful punishment. Conversely, punishment by ducking stool, for example, presumably would be an illegal sentence in Kansas because of its character. Nowhere is it or anything like it authorized in the sentencing statutes. See *State v. Williams*, No. 114,525, 2017 WL 129896, at *3 (Kan. App. 2017) (unpublished opinion) (ducking stool cited as probable example of illegal sentence under K.S.A. 22-3504[1]). Likewise, the term of punishment—here 37 months—entails an authorized period of incarceration consistent with the sentencing guidelines for Kendrick's crime of conviction. An unauthorized term would be one that differs from the statutorily permitted or required duration of imprisonment. We don't have that here.

In short, whatever the real or imagined problems with the revocation of Kendrick's probation, Kendrick was not subject to an illegal sentence. The district court correctly denied his motion for relief under K.S.A. 22-3504(1).

Affirmed.