NOT DESIGNATED FOR PUBLICATION

No. 120,646

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN MARTIN PATTON JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed November 1, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: John Patton received probation after pleading guilty to two counts of forgery. The district court revoked that probation after a string of violations, including an aggravated assault. Months later, Patton filed a motion in which he argued that his sentence was illegal because he had not consented to jurisdiction.

Patton now appeals the denial of that motion along with the revocation of his probation. But a panel of this court already decided in June 2019 that the district court properly revoked Patton's probation. And because Patton admitted to committing a crime in Johnson County, the district court in that county had jurisdiction to sentence him, whether or not he consented to it. We therefore affirm the district court's judgment.

In June 2014, Patton was charged with three counts of forgery and two counts of theft after workers at a Sonic in Gardner City reported him for using counterfeit bills. He pleaded guilty to two counts of forgery, and the district court placed him on 18 months of probation. The underlying prison sentence was 28 months.

Patton's probation did not go smoothly. After his second violation for drinking alcohol and missing drug tests, the district court sent him to prison for 180 days. Patton appealed, and this court affirmed the district court's order. *State v. Patton*, No. 116,665, 2017 WL 3207384, at *1 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 992 (2018). After more violations—including an arrest for aggravated battery—the district court revoked Patton's probation. Patton appealed that, too, and this court again affirmed the district court's order. *State v. Patton*, No. 119,729, 2019 WL 2709016, at *1 (Kan. App. 2019) (unpublished opinion), *petition for rev. filed* July 24, 2019.

Then several months after the district court had revoked his probation, Patton filed a motion arguing that his sentence was illegal because the district court lacked jurisdiction over him. The gist of Patton's argument was that he was a sovereign citizen of the United States and, therefore, courts could not exercise jurisdiction over him unless he consented to it. The district court denied that motion, concluding that Patton's arguments were frivolous.

Patton now appeals, arguing that the district court erred when it revoked his probation and erred when it denied his motion for an illegal sentence.

Although Patton argues that the district court erred in revoking his probation, this court already heard and decided that claim in a separate appeal. Patton's request for review of our decision by the Kansas Supreme Court is pending, and we do not have jurisdiction in this appeal over that claim.

Under K.S.A. 2018 Supp. 22-3504, however, a court may correct an illegal sentence at any time. Months after revoking probation, the district court denied Patton's illegal-sentence motion and Patton timely appealed that decision. We have jurisdiction over Patton's claim that the district court should have granted his motion to correct an illegal sentence.

A sentence is illegal if it is ambiguous, fails to conform to the relevant statute, or was imposed by a court that lacks jurisdiction. K.S.A. 2018 Supp. 22-3504(3). And when we decide if a sentence meets those criteria, we do so without deference to the district court's conclusions. *State v. Sims*, 294 Kan. 821, 824, 280 P.3d 780 (2012).

Patton argues that his sentence is illegal because the district court lacked jurisdiction. But a person is subject to prosecution and punishment under Kansas law if the person commits a crime in this state. K.S.A. 2018 Supp. 21-5106(a)(1). That prosecution will take place in a district court. K.S.A. 22-2601. And the location of that court will be the county where the crime was committed. K.S.A. 22-2602.

Patton committed forgery, a felony under state law. He did so in the City of Gardner in Johnson County. He then pleaded no contest and was sentenced by the Johnson County District Court. Under these facts, the district court had jurisdiction; Patton's sentence is legal.

And as our Supreme Court has recognized, Patton's assertion that he is a sovereign citizen and thus beyond the jurisdiction of courts "'has no conceivable validity in American law.'" *Requena v. State*, 310 Kan. 105, 110, 444 P.3d 918 (2019) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 [7th Cir. 1990]). Such claims are "ultimately meritless." *Requena*, 310 Kan. at 110.

On Patton's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision denying Patton's illegal-sentence motion.

We affirm the district court's judgment.