NOT DESIGNATED FOR PUBLICATION

Nos. 124,543
125,021

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLINT EUGENE WOODS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY and KEVIN M. SMITH, judges. Opinion filed December 16, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., MALONE and BRUNS, JJ.

PER CURIAM:  Clint Eugene Woods pled guilty to second-degree murder in 2003. Since then, he has filed several motions and appeals trying to reverse his conviction. This appeal presents three motions to correct an illegal sentence, a K.S.A. 60-1507 motion, a motion for relief from judgment, a motion for arrest of judgment, and a motion to withdraw plea. The district court denied these motions mainly on res judicata grounds, ruling that Woods either had or could have raised each issue earlier in the case. After thoroughly reviewing the record, we find no error and affirm the district court's judgment.

1

The State charged Woods with two counts of first-degree murder and one count of aggravated battery for events occurring in September 2002 in case 03CR94. Under a plea agreement, Woods pled guilty to one count of second-degree murder, a severity level 1 person felony. During the plea colloquy, the district court asked Woods the factual basis for his plea and Woods replied, "I shot and killed [Davonta] Mitchell." An amended information was prepared and signed by the district attorney and district court judge in October 2003, but it was not filed with the district court until November 2020. The record does not reflect the reason for the delay in filing.

In December 2003, before sentencing, Woods moved to withdraw plea. In his motion, he alleged that his attorneys, Steven Mank and Kurt Kerns, induced Woods to plead guilty by threatening and intimidating him. He also claimed that he was innocent of the crime to which he pled guilty. The district court allowed Kerns to withdraw and appointed Michael Brown to represent Woods.

The district court held an evidentiary hearing on Woods' motion. Woods testified that at first the best plea offer the State made was for 258 months' imprisonment. But then Mank told him that he would "be able to talk the DA down to 60 months" if Woods pled guilty and assisted with the investigation of the shooting. Woods claimed to be innocent, and said he only took the plea because he did not want to risk a potential life sentence when he could just serve 60 months. Although the 60-month sentence was not included in the plea agreement Woods signed, he believed that it would eventually be reduced.

Mank testified that the terms of the plea agreement would lead to a recommended 258-month prison sentence for Woods. He specifically told Woods that a 60-month sentence "was not going to happen." Mank did describe a "gentlemen's agreement" with the State so that if Woods cooperated with the authorities and investigation, the State

would consider a motion for departure from the 258-month prison sentence. The gentlemen's agreement was not formally incorporated into the plea agreement. Kerns also denied coming to Woods with a plea deal for a 60-month prison sentence. He echoed Mank's testimony that the State was open to reducing Woods' 258-month sentence if he cooperated with the investigation. Kerns denied telling Woods that the State would agree to reducing his sentence to 60 months, but he did recall telling Woods' family that the most time he guessed the prosecutor would reduce the sentence would be about 5 years if Woods' cooperation was valuable.

Following the hearing, the district court denied Woods' motion to withdraw plea. The district court did not believe there was evidence of coercion or duress. Instead, the district court found that Woods' counsel properly advised him on the terms of the plea agreement and Woods entered it knowingly and voluntarily. The district court sentenced Woods to 258 months' imprisonment, the low number in the appropriate sentencing grid box, with a postrelease supervision period of 36 months. The district court awarded Woods 400 days of jail credit.

Woods appealed the denial of his motion to withdraw plea and this court affirmed the district court. *State v. Woods*, No. 93,417, 2006 WL 851245 (Kan. App. 2006) (unpublished opinion) (*Woods I*). Woods has filed several motions throughout the years attacking his conviction and sentence. See *Woods v. State*, No. 105,948, 2012 WL 6734507 (Kan. App. 2012) (unpublished opinion) (*Woods II*) (applying res judicata and affirming denial of K.S.A. 60-1507 requesting plea withdrawal based on ineffective assistance of counsel); *Woods v. State*, 52 Kan. App. 2d 958, 379 P.3d 1134 (2016) (*Woods III*) (affirming denial of second K.S.A. 60-1507 motion raising a claim of actual innocence because guilty plea was not subject to collateral attack on the ground of actual innocence); *Woods v. State*, No. 121,466, 2020 WL 4250651 (Kan. App. 2020) (unpublished opinion) (*Woods IV*) (affirming denial of third K.S.A. 60-1507 motion seeking to withdraw guilty plea based on ineffective assistance of counsel because the

3

motion was untimely and successive), *rev. denied* 313 Kan. 1046 (2021); *Woods v. State*, No. 122,604, 2021 WL 2021521 (Kan. App. 2021) (unpublished opinion) (*Woods V*) (affirming denial of fourth K.S.A. 60-1507 motion asserting the complaint was so defective that it deprived the district court of jurisdiction because motion was untimely and successive), *rev. denied* 314 Kan. 859 (2022); *Woods v. State*, No. 123,090, 2021 WL 4497401 (Kan. App. 2021) (unpublished opinion) (*Woods VI*) (affirming denial of K.S.A. 60-1501 petition for jail credit as barred by res judicata).

Woods began filing the motions prompting this appeal in December 2020. He appeals the denial of seven motions and their various amendments and supplements: three motions to correct an illegal sentence, a K.S.A. 60-1507 motion, a motion for relief from judgment, a motion for arrest of judgment, and a motion to withdraw plea. Woods' motions led to two appeals being docketed with this court. The cases were consolidated for appeal. Woods completed the confinement portion of his sentence in 03CR94 and began postrelease supervision in August 2021.

DID THE DISTRICT COURT ERR IN DENYING WOODS' MOTION TO CORRECT ILLEGAL SENTENCE FILED IN DECEMBER 2020?

Woods moved to correct an illegal sentence under K.S.A. 22-3504 in December 2020. In this motion, Woods argued that his sentence for second-degree intentional murder was illegal because his factual guilt for the crime was not established. He argued that his statement at the plea hearing, "I shot and killed [Davonta] Mitchell," could not establish the requisite intent for intentional second-degree murder. And because an amended complaint was not filed until November 2020, long after sentencing, Woods argued that he did not know he was pleading guilty to intentional second-degree murder. Woods amended the motion later that month to add facts. This amendment, which appears to be copied and pasted from a reply brief he filed through counsel in one of his prior appeals, expanded on his argument that his sentence for second-degree intentional

4

murder was illegal because the record did not reflect that he pled guilty to the intentional version of that crime. Woods asked the court to remand the case for resentencing so he can be sentenced for reckless second-degree murder.

The district court denied the motion. It found that Woods' motion was not an attack on his sentence, but a collateral attack on his underlying conviction. Thus, the motion was not properly brought under K.S.A. 22-3504—the statute governing correction of illegal sentences. Woods timely appealed. Whether a sentence is illegal under K.S.A. 2021 Supp. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

We agree with the district court. Woods was convicted of intentional second-degree murder and sentenced accordingly. While he cloaks his challenge as one to his sentence, it is a challenge to his underlying conviction. For Woods to receive relief, his conviction for intentional second-degree murder would need to be reversed. A motion to correct an illegal sentence under K.S.A. 2021 Supp. 22-3504 cannot be used to collaterally attack a conviction. *State v. Sims*, 294 Kan. 821, Syl. ¶ 1, 280 P.3d 780 (2012). Thus, the district court did not err in denying this motion.

DID THE DISTRICT COURT ERR IN DENYING WOODS' K.S.A. 60-1507 MOTION FILED IN DECEMBER 2020?

Woods' next motion was a K.S.A. 60-1507 motion filed in late December 2020. This motion raised many of the same arguments he had made before. He asserted that the complaint was defective because the amended complaint was not filed until November 2020. He asserted that trial counsel was ineffective for failing to ensure the amended complaint was timely filed. He repeated his claim that he only said he killed Mitchell because he believed he would receive a 60-month sentence. He also repeated his claim that his admission to killing Mitchell could not prove that he acted intentionally. He also

challenged the sufficiency of the evidence supporting his conviction, attaching several affidavits from witnesses who asserted that Woods did not shoot Mitchell.

The district court denied the motion, noting it was Woods' fifth K.S.A. 60-1507 petition. The district court found that Woods' claims were barred by the doctrine of res judicata. Woods timely appealed. When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Though the district court ruled on res judicata grounds, Woods' petition also faced significant procedural hurdles applicable to K.S.A. 60-1507 motions. A district court is not "required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2021 Supp. 60-1507(c). Motions must also be brought within one year of the final order giving rise to the complaint. K.S.A. 2021 Supp. 60-1507(f)(1). The one-year time limit can be extended only to prevent manifest injustice. K.S.A. 2021 Supp. 60-1507(f)(2). The manifest injustice inquiry is "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2021 Supp. 60-1507(f)(2).

Woods' motion was both untimely and successive. His claims are all attempts to void the plea agreement that the district court, affirmed by this court on appeal, found was "fairly and understandably" made by Woods. *Woods I*, 2006 WL 851245, at *3. Though he sometimes changes his arguments about why he is entitled to relief, the core issue remains the same. His motion is also untimely. There is no reason why he could not have raised any of these claims within the one-year period provided by K.S.A. 2021 Supp. 60-1507(f)(1). To the extent he makes a claim of actual innocence, "[a] valid guilty plea is not subject to collateral attack on the ground of actual innocence." *Woods III*, 52 Kan. App. 2d at 966. And "actual innocence requires the prisoner to show it is more

6

likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2021 Supp. 60-1507(f)(2)(A). Woods fails to meet this standard.

The district court provided an alternate basis for dismissing Woods' claims—res judicata. Whether the doctrine of res judicata applies in a certain case is also a question over which appellate courts exercise unlimited review. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019). Courts will invoke res judicata to bar a successive suit where these requirements are met: (1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015). Woods is raising issues that he could have raised and indeed were raised in prior motions and appeals. Thus, the district court properly denied Woods' motion because it was successive and barred by res judicata.

Woods has complained that the charging document in the case was defective. This court noted that "'[c]harging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases.'" *Woods IV*, 2020 WL 4250651, at *8 (quoting *State v. Dunn*, 304 Kan. 773, 811, 375 P.3d 332 [2016]). Additionally, alleged defects in charging documents do not excuse untimely and successive K.S.A. 60-1507 motions. *Woods IV*, 2020 WL 4250651, at *9 (citing *State v. Robertson*, 309 Kan. 602, 439 P.3d 898 [2019]).

Similarly, his claim that he was promised a 60-month sentence in exchange for a guilty plea has been litigated and decided against Woods. The claim was first rejected on direct appeal in *Woods I*, 2006 WL 851245. He cannot now raise it again.

Woods has also previously argued that the factual basis for his plea did not support intentional second-degree murder, only unintentional second-degree murder. *Woods IV*, 2020 WL 4250651, at *4. Thus, this argument is also barred by res judicata. And as this

7

court has found, his motions raising this issue are both untimely and successive and no exceptions apply. 2020 WL 4250651, at *5-7.

Finally, Woods challenged the sufficiency of the evidence in his second K.S.A. 60-1507 motion, also including affidavits from supporting witnesses. *Woods III*, 52 Kan. App. 2d at 962. The court found that Woods' motion was both untimely and successive. 52 Kan. App. 2d at 964. And the claim was barred by res judicata and waiver. 52 Kan. App. 2d at 964-66. For these reasons, the district court did not err in denying Woods' K.S.A. 60-1507 motion filed in December 2020.

### DID THE DISTRICT COURT ERR IN DENYING WOODS' MOTION TO CORRECT ILLEGAL SENTENCE FILED IN JANUARY 2021?

Woods filed another motion to correct illegal sentence in January 2021. Again, he argued that the factual basis for his plea did not establish the requisite mental state for intentional second-degree murder. He also repeated his claim that he thought he was pleading guilty to reckless second-degree murder. He asserted he had no knowledge that he was pleading guilty to intentional second-degree murder because the amended information was not filed until November 2020. He asked the district court to reduce his sentence to 194 months (the low number in the presumptive sentencing grid for severity level 2 crimes committed by offenders with a C criminal history score). See K.S.A. 2002 Supp. 21-4704(a).

The district court denied the motion, finding it was barred by res judicata or laches. The court adopted its previous findings of fact and law. Woods appealed. As stated before, whether a sentence is illegal under K.S.A. 2021 Supp. 22-3504 is a question of law subject to unlimited appellate review. *Mitchell*, 315 Kan. at 158.

8

A motion to correct an illegal sentence can be raised at any time while the defendant is serving that sentence. K.S.A. 2021 Supp. 22-3504. Thus, the doctrine of res judicata has limited application when analyzing illegal sentence claims. See *State v. Martin*, 52 Kan. App. 2d 474, Syl. ¶ 4, 369 P.3d 959 (2016) ("The doctrine of res judicata or waiver does not apply to bar a claim when that claim, if true, would render a sentence illegal and the claim has not been previously addressed on its merits."). But here, the district court previously ruled on Woods' claims on their merits, finding that his claims did not fall under the definition of illegal sentence under K.S.A. 2021 Supp. 22-3504(c)(1). Thus, the district court correctly relied on the doctrine of res judicata to dismiss Woods' claims. More importantly, a motion to correct an illegal sentence under K.S.A. 2021 Supp. 22-3504 cannot be used to collaterally attack a conviction. *Sims*, 294 Kan. 821, Syl. ¶ 1. For this reason, as well, the district court did not err in denying Woods' motion to correct illegal sentence filed in January 2021. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (finding that the district court's decision will be upheld if it is correct for any reason).

### DID THE DISTRICT COURT ERR IN DENYING WOODS' MOTION FOR RELIEF FROM JUDGMENT FILED IN JANUARY 2021?

Woods also filed a motion for relief from judgment asking the district court to void his conviction. He again argued that he was entitled to relief because the State did not file the amended information until November 2020.

The district court denied the motion, finding it was barred by res judicata or laches. The court adopted its previous findings of fact and law. Woods appealed. The parties agree this issue presents a question of law over which an appellate court exercises unlimited review. *State v. Mitchell*, 297 Kan. 118, 121, 298 P.3d 349 (2013).

9

Again, there are several reasons for affirming the district court's decision. First, res judicata bars consideration of the issue because a defect in the charging document is an issue Woods could have raised in prior litigation. Second, this court has rejected related arguments about the charging document. *Woods IV*, 2020 WL 4250651, at *7-9. Finally, the statute governing motions for relief from judgment requires that the motion be made no more than one year after the entry of the judgment or order. K.S.A. 2021 Supp. 60-260(c). Woods' motion is untimely under this standard.

### DID THE DISTRICT COURT ERR IN DENYING WOODS' MOTION FOR ARREST OF JUDGMENT FILED IN JANUARY 2021?

Woods next filed a motion for arrest of judgment, again complaining about the amended information filed in November 2020. He also claimed that the State would not have had sufficient evidence to convict him of the two counts of first-degree murder he was at first charged with. The district court denied the motion, finding it was barred by res judicata or laches. The court adopted its previous findings of fact and law. Woods appealed. This issue presents a question of law subject to unlimited appellate review. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012).

"The court on motion of a defendant shall arrest judgment if the complaint, information or indictment does not charge a crime or if the court was without jurisdiction of the crime charged." K.S.A. 2021 Supp. 22-3502. This issue is just a slight permutation of the last. A motion for arrest of judgment must be made within 14 days after a guilty plea, a shorter period than that afforded to file a motion for relief from judgment. K.S.A. 2021 Supp. 22-3502. Woods' motion for arrest of judgment was untimely, and the district court did not err in denying the motion. The district court's decision will be upheld if it is correct for any reason. *Overman*, 301 Kan. at 712.

10

## Did the District Court Err in Denying Woods' Motion to Withdraw Plea Filed in January 2021?

Woods also moved to withdraw his plea in January 2021. This included another iteration of the same argument he made in his other motions—the district court should not have accepted his guilty plea because the facts did not establish the requisite intent and Woods did not know what crime he was pleading to because the amended charging document was not filed until November 2020.

The district court denied the motion, finding it was barred by res judicata or laches. The district court adopted its previous findings of fact and law. Woods appealed. As stated before, whether the doctrine of res judicata applies is a question of law subject to unlimited appellate review. *Salary*, 309 Kan. at 481.

This is one of many motions to withdraw his plea that Woods has made throughout the pendency of this case, including the presentencing motion to withdraw a plea which was the subject of his direct appeal. The issues raised in this motion were raised or could have been raised in his prior motions, so res judicata bars consideration of the issue. The district court did not err in denying this motion.

## Did the District Court Err in Denying Woods' Motion to Correct Illegal Sentence Filed in July 2021?

Finally, in July 2021 Woods filed another motion to correct illegal sentence, this time through counsel. This motion focused on jail credit calculation. The district court found that K.S.A. 2021 Supp. 22-3504 was an improper vehicle to challenge the calculation of jail credit and thus the court lacked jurisdiction to consider the issues. Woods appealed. As stated before, whether a sentence is illegal under K.S.A. 2021 Supp. 22-3504 is a question of law subject to unlimited appellate review. *Mitchell*, 315 Kan. at 158.

We agree with the district court. The Kansas Supreme Court has held that a claim that insufficient jail time was credited against the sentence imposed is not a claim that a sentence is illegal under K.S.A. 22-3504. *State v. Lofton*, 272 Kan. 216, 217, 32 P.3d 711 (2001). And Woods has raised this issue before, once on appeal and several times in district court. His prior attempts are summarized in *Woods VI*, 2021 WL 4497401. Thus, Woods' claim is barred by res judicata, and the district court did not err in denying this motion. See *Overman*, 301 Kan. at 712 (finding that the district court's decision will be upheld if it is correct for any reason).

Affirmed.